SCHMITZ vs. SCHMITZ and another, impleaded &c.

In an action to correct and foreclose a mortgage, it appeared that the premises were described in the mortgage as the "west half" of a city lot; that the lot was rectangular, four rods in front and eight in depth, with both ends bounded by streets and both sides by other lots; that a due north and south line, dividing it into two equal parts, would be almost a diagonal; that at the date of the mortgage the mortgagor and another defendant, being owners in common, had agreed to divide the lot so as to give each a half, two rods in front by eight in depth, and each was in possession of his half and had fenced it and made valuable improvements (the half held by the mortgagor being south and west of the division line).; and that before the commencement of the action the agreement to divide had been carried into effect by deeds of partition. *Held*, that the words "west half" must be understood as describing the half owned by the mortgagor, and it was not necessary to correct the description before foreclosing.

Even if, under our statute, the circuit court erred in making such correction where one of the mortgagors was a married woman who executed with her husband a mortgage of his property to secure his debt (a point not decided), yet as the judgment of foreclosure should have been the same without such correction, it will not be reversed.

The facts found by the circuit judge sustained the judgment, but he omitted to state (as required by statute) his conclusions of law. *Held*, that in this case the judgment would not be reversed for such omission, it appearing that the appellants could not be injured thereby.

Where by law a note given on an usurious contract of loan is valid to secure the repayment of the principal sum loaned, and no more, an answer to a complaint upon a note for money borrowed, which alleges that the contract was usurious, and that a certain sum (less than the principal) has been "paid on the note," does not set up a counter-claim.

APPEAL from the Circuit Court for *Dane* County.

Action to reform and foreclose a mortgage on the west half of lot 2, block 128, in the city of Madison, executed to the plaintiff by *Jacob Smith* and his wife, *Agnes Smith*, to secure four notes for $125 each, and one for $100, with interest at 12 per cent., made by said *Jacob* to the plaintiff, and alleged to have been for a loan of $600. The correction prayed for, and the grounds of such prayer, will sufficiently appear from the opinion. One *Lohr*, who claimed to own one half of said lot 2, was made defendant. The complaint admitted payments, one of $101 upon the note which first fell due, and the other of

$85 as interest, and averred failure to make further payments. The answer of *Jacob* and *Agnes Smith* denied the alleged mistake in the description of the premises; and averred a payment of $95 " to apply upon the notes and mortgage," in addition to the amount admitted in the complaint, and that the contract was usurious; and claimed that it was void except as to the sum actually loaned, which it alleged to be only $375. The court found the amount due as claimed in the complaint, and also found the facts as to the mistake in the description of the premises as they are set forth in the opinion of this court. There was no separate statement of the judge's conclusions of law. The defendants *Jacob* and *Agnes Smith* excepted to the findings; but there was no bill of exceptions bringing up the evidence; and they also excepted to and appealed from the judgment, which provided for correcting the mortgage in accordance with the prayer of the complaint, and for a foreclosure and sale of the premises to make the amount so found due.

*Welch & Lamb*, for appellants, argued that a married woman, under the circumstances disclosed in the record, cannot be compelled to reform her deed. *Carr v. Williams*, 10 Ohio, 305; *Martin v. Dwelly*, 6 Wend., 9. The act on the wife's part is voluntary, and equity will not compel correction in such a case. *Eaton v. Eaton*, 15 Wis., 259; 1 Story's Eq. Jur., § 165. The wife, under our statute, is not liable, equitably or otherwise, on covenants in her deed. R. S., ch. 86, sec. 2.   2. The answer sets up a counter-claim, which is admitted by the plaintiff's failure to reply. It shows that the contract was usurious, and that the sum actually loaned was only $375. On this sum, under sec. 1, ch. 55, Laws of 1856, no interest could be recovered; and the interest which had actually been paid was recoverable in a separate suit, and may be made the subject of a counter-claim in an action on the contract. *Wood v. Lake*, 13 Wis., 95–6. After deducting from the $375, the $101 of principal and $85 of interest paid as admitted in the complaint, with interest on said $85 from the date of such

payment, and the $95 additional alleged in the answer to have been paid, there would be due on the mortgage hardly one tenth of the sum for which judgment was rendered.

*Sidney Foote*, for respondent, argued that usury was a mere matter of defense (*Burrall v. De Groot*, 5 Duer, 379 ; *Giesson v. Giesson*, 1 Code Rep. (N. S), 414; *Vassear v. Livingston*, 3 Kern., 249 ; *Tyler v. Willis*, 33 Barb., 327) ; and that the payment of $95 over and above what was admitted in the complaint, was averred in the answer merely as a payment on the notes, and constituted therefore merely a partial defense to plaintiff's claim, and not a counter-claim (1 Wend., 355 ; 2 Denio, 26 ; 3 Barb., S. C., 369) ; whereas in *Wood v. Lake*, 13 Wis., 95, the amount of $60 was alleged in the answer to have been paid as a *bonus*, over and above the highest rate of interest allowed by law, so that it could have been recovered in an action the next day, under the common law, and three times the amount might have been recovered under the statute.

*By the Court*, DOWNER, J. This is an action brought to foreclose a mortgage. The respondent, in his complaint, alleges that there was a mistake in the description of the premises mortgaged; that the description should have been the *southwest* half of. lot 2, bl. 128, instead of the *west* half; and he seeks to have the mortgage in this respect corrected, and then foreclosed. The judgment was in favor of the respondent.

The appellants insist that the mortgage could not be corrected, because it was executed by a married woman. The cases cited seem to sustain this position, so far as the correction affects her interest. It may be, however, that there is a difference between our statute and those under which the decisions he refers to were made. Without passing upon this point, we proceed to inquire whether it was necessary to correct the mortgage. The words " west" and " west half," as applied to lots and parcels of land, have, both in ordinary conversation and in deeds, sometimes a very precise and exact meaning, and

sometimes they are used very loosely and indefinitely. The lot in question is four rods wide and eight rods long, the ends fronting on streets, the sides not; and it was divided between the two defendants owning it in common, so as to give to each a half lot two rods wide and eigtht rods long, extending from street to street. At the time the mortgage was executed, this division had been agreed upon, and each party was in possession of his half, and had fenced it and put on it valuable improvements, so that he had a right in a court of equity to compel the division according to the parol agreement, which, before the commencement of this action, was carried into full effect by deeds of partition. To draw an exact north and south line through this lot, and give to the deed a construction by which it should embrace that portion of the lot lying west of that line, would be to make the grantors by such deed not only convey land a part of which they did not own, but a piece of land in such a shape as reasonable men do not often divide such lots into. We think that the proof before the court below, or rather the facts as found by the court, showed that the words "west half" in the mortgage were used loosely and indefinitely. Deeds are to be interpreted according to their subject matter, and such construction given to them as will carry out the intention of the parties, when it is legally possible to do so consistently with the language of the instruments. If the language of the instrument is vague and general, or there is a latent ambiguity, parol evidence is admissible of any extrinsic circumstances tending to show definitely what things were intended by the parties; not that such evidence enlarges or diminishes the estate granted or premises conveyed, but it identifies the subject matter on which the deed operates. *Hall v. Dover*, 36 N. H., 573; *Waterman v. Johnson*, 13 Pick., 264. It seems to us that the evidence in this case clearly identified the premises embraced in the mortgage as being the same before as after the correction; and if so, the circuit court did not err to the injury of the appellants in making the correction.

Their counsel, as part of his argument, exhibited a plat of this lot, and informed us that a line running exactly north and south would pass through the lot diagonally or nearly so. We presume in this he was right. It follows that if the premises described in the mortgage lie west of this exactly north and south line, one fourth of the half lot not owned by the mortgagors was included, and one fourth of the half they did own left out, and each of these fourths would be in the shape of a triangle with one very acute angle. These facts convince us more fully that the word "west" was used in the deed with more or less of indefiniteness, and the very evidence which proved this also identified the land conveyed.

It is clear, on a mere inspection of the answer, that it did not contain a counter-claim; and of course none of its statements could be taken as true without proof.

The decision of the court below states the facts found, but not the conclusions of law. We are asked to reverse the judgment on this account. The judgment is correct according to the facts found; and if we should reverse it for this error, we could do no less than direct the circuit court, after adding to its finding the conclusions of law, to enter again the same judgment. This would be a useless formality. The court below ought to have complied with the statute, but the failure to do so has not injured the appellants, and we do not think, in this case, is ground for reversal.

The judgment of the circuit court is affirmed, with costs.