TURNER *et al.*, *Plaintiffs in Error*, v. THE UNION PACIFIC RAILWAY COMPANY.

Division One, December 12, 1892.

1. **Patent**: IDENTIFYING LAND: EXTRINSIC EVIDENCE. Resort will be had to the United States plat and field notes to identify land granted by its patent.

2. **Ejectment**: PAPER TITLE. Where in ejectment the plaintiff fails to show a paper title, the court should so declare.

3. ————: RAILROAD: ADVERSE POSSESSION. Actual, open and continuous possession by a railroad company of a right of way for fourteen years is sufficient to establish adverse possession as against one with whom the company had no contractual relations.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*R. O. Boggess* for plaintiffs in error.

(1) The patent to Chouteau was not competent for any other purpose than as a link in a chain, or

prove an outstanding, subsisting, superior title as against the plaintiffs. *McDonald v. Schneider*, 27 Mo. 405; *Glasgow v. Baker*, 14 Mo. App. 207. (2) The deed from Phillibert and wife to Canville embraced in its calls, and by its terms conveyed, the land in suit. Possession of said land, or some part thereof in the name of the whole, by those claiming under said deed for ten years or more, would perfect the title in those so claiming and holding. *Long v. Higginbotham*, 56 Mo. 245; *McElhinny v. Kraus*, 10 Mo. App. 218; *Shultz v. Lindell*, 30 Mo. 310; *Johnson v. Prewitt*, 32 Mo. 554. (3) Whatever rights the defendant has in this case must be predicated on ten years' adverse possession. Defendant failed to show that it or those under whom it claimed had been in the open, notorious, continuous adverse possession of the land in suit, under claim of right or color of title for the period limited by the statute—ten years. *Bradley v. West*, 60 Mo. 33; *Pease v. Lawson*, 33 Mo. 35; *Johnson v. Prewitt*, 33 Mo. 554. (4) The plaintiffs' first and second instructions were properly given. Mere antecedent possession of real estate under a claim even for a term less than that prescribed by the statute of limitations is sufficient to enable a party to recover against one who claims by a junior possession. *Crockett v. Morrison*, 11 Mo. 3; *Dale v. Faivre*, 43 Mo. 556; *Martin v. Rousack*, 61 Mo. 559; *Norfleet v. Russell*, 64 Mo. 176; *Matney v. Graham*, 59 Mo. 190.

*John W. Beebe* and *W. T. Latham* for defendant in error.

(1) The patent to Chouteau of the west half of the northwest quarter of section 6 was competent to show that the title had passed from the United States. *Gibson v. Chouteau*, 50 Mo. 85; *Widdecombe v. Childers*,

84 Mo. 382. (2) The deed from Phillibert to Canville calls for land in the east half of the northwest quarter of section 6, a legal subdivision of part of said section, according to government survey, as shown on diagram of surveys, making east half of quarter contain eighty acres, and the west half ninety and forty-one hundredths acres. The plaintiffs in their brief say: "That division of the land is here recognized." A call in a deed for a boundary certainly ascertained will prevail over a call for distances. *Whittelsey v. Kellogg*, 28 Mo. 404. When natural or permanent objects are embraced in a call of a patent, deed or survey, these have absolute control, and both course and distance must yield to their influence. *Rutherford v. Tracy*, 48 Mo. 325; *Cooley v. Warren*, 53 Mo. 166. (3) The facts in this case showed adverse possession by defendant. *Draper v. Shoot*, 25 Mo. 197; *Fugate v. Pierce*, 49 Mo. 441; *Musick v. Barnes*, 49 Mo. 458; *Key v. Jennings*, 66 Mo. 356; *Leeper v. Baker*, 68 Mo. 400.

BLACK, J.—Some of the plaintiffs are original proprietors of Turner & Co.'s addition to the City of Kansas, and the other plaintiffs represent the interest of the remaining original proprietors. These proprietors acquired thirty acres of land off of the south end of the east half of the northeast quarter of section 6, in township, etc., in or about the year 1856, by deeds from different persons. They laid the land off into an addition, and filed their plat thereof in 1857. They brought this action of ejectment in September, 1883, to recover a parcel fifteen feet in width, by one hundred and twenty feet in length, from north to south, west of an adjoining lot 25, in block 45, of that addition. The west line of lot 25 is the west line of the addition, as the addition is laid out by the plat.

The railroad tracks of the defendant cross the

north end of the strip of land sued for. The defendant filed a non-claim as to all the land described in the petition except that occupied by its tracks since 1868 or 1869.

Section 6 is bounded on the west by the state line, and the northwest quarter is fractional and contains one hundred and seventy and forty-one hundredths acres. This suit appears to have been brought on the theory that in dividing this quarter-section into an east and west half the line should be run so as to make each half equal in area. On this theory the dividing line would run fifteen feet west of the west line of the addition as laid out by the plat thereof, thus leaving a strip of land still belonging to the addition proprietors. The land sued for is part of this strip.

Looking now to the evidence we find the plaintiffs claim by mesne conveyances under Gabriel Phillibert, the patentee. This patent is not before us, and all we know of it is the statement in the abstract that it grants to the patentee "the east half of the northwest quarter of section 6, township 49, of range 33." The defendant, however, put in evidence a patent to Chouteau, granting to him the west half of said quarter section, "containing ninety acres and forty-one hundredths of an acre, according to the official plat of the survey of said land, returned to the general land-office by the surveyor general." The government plat of this section and the field notes of the survey, produced in evidence, show that the section was surveyed and platted according to law; that is to say, the excess in quantity was carried into the western subdivisions of the section, so that the east half of this quarter section contains eighty acres, and the west half ninety and forty-one hundredths acres. As the Chouteau patent refers to the plat, the plat and the field notes

of the survey are made a part thereof. The same thing may be said of the Phillibert patent; for, in the absence of proof to the contrary, it will be presumed that the government officials sold the land according to law, and the public land laws provide for the sale of the public domain according to the plat and survey returned by the surveyor general. Indeed, nothing can be clearer than this, that, to identify the land granted by the United States patents, resort must be had to the plat and field notes, and in doing this we find the east half of the quarter section contains eighty acres, and the west half ninety and forty-one hundredths acres. Guided by the plat and field notes of the government survey, the west line of the east half of the quarter section is the same as the west line of Turner & Co.'s addition. The plaintiffs have, therefore, shown no paper title to the land in suit, and the court properly so declared.

2.  Plaintiffs, having failed to show a paper title to the parcel of land in suit, seek to build up a title thereto, under and by force of the statute of limitations. To do this they say that the immediate deeds to them do include this strip of land, and they then seek to apply the rule that possession of a part of a tract of land under color of title is possession of the whole.

It is true that these immediate deeds to the addition proprietors call for thirty acres off of the south end of the east half of the northwest quarter, etc.; but the words "east half" as used in these deeds have reference to the government subdivision of the quarter section, and not to a subdivision of the quarter section by a line dividing it into two equal parts as to area. That the words "east half" refer to the government subdivision of the quarter section is too clear to admit of any doubt whatever. The plaintiffs, therefore, have not

even a color of title to this strip of land which they seek to recover. They have shown neither color of title nor actual possession of it for a period of ten years. Had the trial court sustained a demurrer to the plaintiffs' evidence we would affirm the judgment on that ruling.

But the trial court, out of great caution, gave instructions, at the request of the plaintiffs, to the effect that if they took possession under their deeds, and held such possession adversely to all persons for a period of ten years, the finding should be for them, unless they had abandoned the possession prior to the time defendant placed its tracks upon the land. Instructions were also given at the request of the defendant to the effect that, if it took and had held actual, open, continuous and uninterrupted possession for ten years next before the commencement of the suit, then the finding should be for it.

The chief objection to these instructions, given at the request of the defendant, is that there is no evidence tending to show that the possession by defendant was adverse. The proof is clear and undisputed that the company built its tracks across the strip of land in suit in 1868 or 1869. It has from that time to the commencement of this suit occupied and used the land for a right of way, and this use has been open, exclusive and without interruption. The suit was commenced in 1883. No witness, it is true, testified in so many words that the defendant claimed to own the land occupied by its tracks; but there is no evidence showing, or tending to show, that the railroad company took or entered into possession by permission of or license from the plaintiffs, or under any contract with them. There is and can be no pretense of any contractual relations between the plaintiffs and defendant. This being so, the fact of actual, open and continuous

possession by defendant is of itself sufficient evidence that the possession was adverse to the plaintiffs. The defendant's case did not call for any other or further evidence.

There is no merit whatever in the plaintiffs' case, and the judgment is affirmed. All concur.