## Mary Barclay v. Laura Stuart.

### No. 350.

1. **Parol Evidence to Explain Latent Ambiguity.**—Estate of C. B. Stuart owned two tracts of land, one containing 519 acres, abstract number 195, and another containing 477 acres, abstract number 196, and both patented in the name of the same grantee. In the partition of his estate, the commissioners, whose report was made the judgment of the court, set apart to Laura Stuart the 519 acres, describing it as abstract number 196, and to Mrs. Barclay 477 acres, describing it as abstract 195. Parol evidence was admissible to show which of the two tracts was intended for Laura, and which for Mrs. Barclay.

2. **Partition Decree—Collateral Attack.**—In a suit of trespass to try title, the partition decree can not be collaterally attacked, nor the decree corrected, although prayer is made for it, but it is proper to admit evidence to show what did really pass to each party by the decree, and to explain the latent ambiguity in it, growing out of the misplaced abstract numbers.

3. **Estoppel—Ignorance of Facts.**—When the defendant pleads certain acts and admissions of the plaintiff as an estoppel, she may reply by supplemental petition averring that when the acts were done and the admissions made she was ignorant of her rights, and of the true facts.

4. **Parol Evidence to Explain Judgment.**—If the judgment, by its own terms, when applied to the land, was free from ambiguity, so that the court could say to which of the parties each tract had been set apart, no evidence would be admissible to explain it; but in this case, while the number of acres adjudged to the plaintiff is the same as that embraced in the tract sued for, the abstract number is wrong, and it can not be said that the decree of partition had the effect to vest title in the defendant to the 519 acres tract, and there was no error in admitting evidence to explain the decree, and guide the court and jury to the real truth.

Appeal from Harris.     Tried below before Hon. James Masterson.

*Webb & Finlay* and *Brashear & Ashe,* for appellant.—1. The court erred in overruling defendant's exceptions to the jurisdiction of the court, because this is an original proceeding to correct a decree of the Probate Court of Montgomery County. This court has no power to correct or alter said decree; plaintiff's only remedy is by bill of review in the Probate Court in the county where the decree was rendered. Buchanan v. Bilger, 64 Texas, 590; Fisher v. Wood, 65 Texas, 199; Franks v. Chap-

man, 60 Texas, 46; Freem. on Judg., secs. 319b, 485, 487; 1 Herm. on Res. Adjud., 423; 2 Black on Judg., 660.

2. The court erred in overruling defendant's exceptions to plaintiff's supplemental petition, filed October 6, 1892, in which she says, that she was ignorant of her rights in the premises, and ignorant of the property decreed to her, because plaintiff, in her original petition, says that she was present at the time the final decree was rendered (and the decree so states also), and that she joined in the confirmation of the same. Sayles' Plead. and Prac., sec. 23, and cases cited.

3. The final decree of partition and the written report of the commissioners is the best evidence of the partition; and the parol testimony of the commissioners is not competent to prove the manner in which the heirs were represented, or the written proceedings of the Probate Court. Rev. Stats., arts. 2245 (rule 9), 2252; 1 Greenl. on Ev., secs. 82, 84, 86.

4. The final decree of partition is conclusive, and can not be corrected, altered, or construed by the parol testimony of the commissioners of partition in a collateral proceeding. Buchanan v. Bilger, 64 Texas, 590.

5. The mistake complained of in the decree must be pointed out by clear and satisfactory proof, otherwise it can not be corrected on the ground of mistake. Monks v. McGrady, 71 Texas, 140; 15 Am. and Eng. Encycl. of Law, 650, 651; 2 Pome. Eq. Jur., sec. 859; 1 Greenl. on Ev., note a, p. 382.

6. Partition is not an adjudication of title, but is intended to bring the parties to an agreement as to their respective shares; and after they have agreed upon their shares they are bound by such agreement. Glasscock v. Hughes, 55 Texas, 473; Freem. on Conten., 396; Herm. on Res. Adjud., 1039, 1040, 1050; Pome. Eq. Jur., 470, 515, 516; Bige. on Estop., 673, 674; Story Eq. Jur., 1080; Dev. on Deeds, 852.

*Ford & McComb*, for appellee.—1. The court did not err in overruling the defendant's exceptions to the jurisdiction of the court. This is a suit in trespass to try title, and for damages and to clear clouds from title. The land is situated in this county. Yoe & Harris v. Montgomery, 68 Texas, 338; Shepard v. Cummings, 44 Texas, 502; Hughes v. Lane, 6 Texas, 289; Montgomery v. Carlton, 56 Texas, 361; 62 Texas, 399; Grimes v. Hobson, 46 Texas, 416; Sayles' Civ. Stats., art. 4784, notes 1 and 2.

2. To constitute an estoppel there must have been (1) a false representation or concealment of a material fact; (2) the representation must have been made with a knowledge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; (5) the other party must have been induced to act upon it; (6) it must appear that such party will be prejudiced by allowing the truth of the

representation to be disproved.    2 Sayles' Real Est. Laws of Texas, 226, 227, art. 652, and authorities cited.

3. The depositions of Gay and Darwin were properly admitted in evidence.    Their evidence is not inconsistent with the terms of the report and the decree.    Their evidence is the best evidence.    It is clear and satisfactory, and is the strongest parol evidence possible, and was not inconsistent with the terms of the report of the commissioners and decree of the court, but in perfect harmony with the same, and explanatory of the intention of the parties and discrepancy in the abstract numbers.  1 Greenl. on Ev., secs. 289, 291, 296, 296a, 297, latter clause 310, and note 2; 8 Texas, 284; Sayles' Civ. Stats., art. 2245, rules 22, 28, note 127, and authorities cited.

WILLIAMS, ASSOCIATE JUSTICE.—The land involved in this litigation is a tract in Harris County, containing 519 acres, the name of the original grantee of which is J. S. Collins, and the abstract number of which is 195.    There is another tract in Harris County containing 477 acres, patented in the name of the same grantee, the abstract number of which is 196.    Both tracts belonged to Charles B. Stuart, deceased, and under a decree of partition of his estate by the Probate Court of Montgomery County both parties claim as his heirs.    In the report of the commissioners, which was adopted by the court in all respects, and in the decree, into which the substance of the report is copied, it appears that one of these tracts was set apart to Laura Stuart, and the other to Mrs. Barclay. In designating the tract given to Laura Stuart, the report and the decree described it as abstract number 196, original grantee J. S. Collins, 519 acres, valued at $1908, situated in Harris County; and that set apart to Mrs. Barclay was named as abstract number 195, original grantee J. S. Collins, containing 477 acres, valued at $1250, situated in Harris County. It thus appears that the abstract numbers were reversed, that belonging to one tract being given to the other.    Each of the parties to this suit. claim the 519 acres tract, for which appellee sued, and recovered the judgment from which this appeal is prosecuted.

In the trial below parol evidence was admitted, over the objection of the defendant, tending to show which of the two tracts was intended for Laura Stuart and which for Mrs. Barclay, the two commissioners who testified both stating that the 519 acres tract was given to Laura, because they believed it to be the most valuable of the two, the valuation put upon it being essential to make up her share of the estate to which she was entitled; and that for the same reason the other tract was given to Mrs. Barclay, as she received other property of more value than such as was given to Laura, apart from the tracts in question.    They further stated, that if any mistakes occurred in the description of the land, it consisted in assigning to the two tracts the wrong abstract numbers.    On

the other side, testimony was adduced tending to show that the 477 acres tract was at the time of the division considered the most valuable, and for that reason was assigned to Laura Stuart, and the other to Mrs. Barclay, the mistake consisting in stating the acreage given to each, and not in the use of the abstract number.

The evidence thus conflicted, and if it was admissible, the conflict must be resolved in favor of appellee, for whom the jury decided it.

The court submitted to the jury the question, whether the tract in controversy was in the partition set apart to the plaintiff or to the defendant, instructing them that the question was one of identity, to be decided under the evidence.

*Opinion.*—The first assignment complains of the overruling of the exceptions to the petition, on the ground that the action was one to correct the decree of the Probate Court of Montgomery County, which the court had no jurisdiction to do.

As we view the action, it is one of trespass to try title, in which the plaintiff must recover by showing title to the land. The partition can not be collaterally attacked, and we do not understand that this is sought. The question put in issue is the effect of that proceeding. The allegations in the petition are intended simply to admit evidence to enable the court to ascertain what passed to each party, by explaining the latent ambiguity in the description of the land, which had been developed. There is, it is true, a prayer for the correction of the mistake in the decree, but the court could and did properly disregard that. If plaintiff succeeded in showing title under the decree, there was no need to correct it, but the whole purpose of the suit was accomplished. The trial below was conducted upon that theory, which was the correct one. The court did not err in the ruling complained of. If there were portions of the petition which were irrelevant, exceptions should have been taken to those parts. But had this been done, and had the exceptions been overruled, this would have had no influence upon the trial.

There was no error in overruling the defendant's exception to the plaintiff's supplemental petition. The allegations were made in reply to an attempt to set up an estoppel in the answer, and alleged that at the time of the acts and admission relied on as constituting the estoppel plaintiff was ignorant of the true facts and of her rights. The fact that she alleged in her petition that she was present when the decree was rendered, does not show that she knew the facts which were subsequently developed as to the mistake in the description of the land. Besides, there was no estoppel in the case, and the ruling becomes immaterial.

The third, fourth, fifth, and sixth assignments complain of the admission of the parol evidence referred to in the statement of the case above

made, and present the principal question in the case. The descriptions given in the decree of the two tracts of land, on their face, would appear to be sufficient to identify the land intended to be adjudged to the parties; but in the attempt to apply these descriptions to the subject matter referred to, it is found that one of the particulars in each case fails to apply to the land. The case is presented of a latent ambiguity, which is made to appear by evidence aliunde the decree, and which can therefore be removed, if practicable, by such evidence. The object in receiving the evidence in such cases is not to vary or alter the judgment, but to explain its meaning and enable the court to determine its effect. Whart. on Ev., 986; Black on Judg., 623.

If the judgment by its own terms, when applied to the land, was free from ambiguity, so that the court could say to which of the parties the land in controversy had been set apart, no evidence would be admissible to add to or explain it. But here it is found that while the number of acres adjudged to the plaintiff is the same as that embraced in this tract, the abstract number does not fit it; and on the other hand, the abstract number given for the tract awarded to the defendant fits the tract in controversy, while the number of acres does not. Which is to control?

Ordinarily, in a deed or other instrument, the abstract number would, we think, be the more reliable, because more specific. But here the attention of the court and the commissioners is directed to quantity and value rather than to the particulars of description, the object being to make an equal division. Besides, there being two tracts in the same county, having the same original grantee, of different sizes, the number of acres in them respectively would distinguish them as perfectly and completely as the abstract number. The area supposed to be embraced in the tract would necessarily be known to the commissioners, while the abstract numbers might be unknown to them; and they would naturally attach more importance to quantity where, as in this case, that affords the means of distinguishing one tract from all others, than to other particulars.

We do not, therefore, think that it can be said that this judgment necessarily had the effect to vest in the defendant title to the 519 acres tract. Either description will apply to either tract if one of the particulars be rejected; and neither description will apply to either tract unless one of the particulars be rejected. We are not prepared to say that the court could properly decide, as matter of law, which one of the circumstances must prevail. If it could not, there was no error in admitting evidence to explain the decree and guide the court and jury to the real truth.

The special charges numbers 1, 2, 3, and 4, asked by defendant and refused, are not set out, nor their substance stated in the brief. This is not a compliance with the rules.

The fifth instruction, directing a verdict for defendant, was properly refused, as was the sixth, which declared the effect of the decree of partition to be to vest the title to the land in controversy in the defendant. The seventh, while differently worded, would have had the same effect upon the minds of the jury. The objections made to the charge of the court are not well taken.

It follows that there was no error in refusing a new trial. Our conclusion is, with the verdict of the jury, that the decree of partition vested the title to the premises in the plaintiff, and that the judgment should be affirmed.

*Affirmed.*

Delivered November 16, 1893.