**KINARD v. EUBANK et al.    (No. 1501.)***

(Court of Civil Appeals of Texas. Beaumont. March 16, 1927. Rehearing Denied March 23, 1927.)

**1. Evidence ⬅⬆452—Partition deed held to contain latent ambiguity justifying admission of parol testimony to explain parties' intent.**

Partition deed conveying unplatted strip of land *held* to contain latent ambiguity as to whether it conveyed adjoining 30 feet of street platted, but not dedicated, so that parol testimony as to the intent of the parties executing the partition deeds was admissible.

**2. Deeds ⬅⬆111—In case of latent ambiguity as to property conveyed, intent governs.**

Lawful intent of parties to deed is determinative in case of latent ambiguity as to property conveyed thereby.

**3. Deeds ⬤➡100—Situation at time of contracting should be looked to in determining parties' intent to conveyance.**

In discovering intent of parties to conveyance, the situation of the parties and subject-matter at the time of contracting should be considered.

**4. Partition ⬤➡8—Whether partition deed conveyed 30 feet of street platted, but not dedicated, held question of fact.**

Where partition deed to unplatted strip of land contained latent ambiguity as to whether it conveyed adjoining 30 feet of street, which 30 feet was platted, but not dedicated, whether deed conveyed such 30 feet *held* a question of fact.

**5. Partition ⬤➡8—Evidence sustained finding that partition deed containing latent ambiguity as to conveyance of adjoining portion of street platted, but not dedicated, did in fact convey it.**

Evidence *held* sufficient to sustain finding that partition deed to unplatted strip of land containing latent ambiguity as to conveyance of adjoining 30 feet of street, which 30 feet was platted, but not dedicated, did in fact convey such strip.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by D. Kinard against G. H. Eubank and others. From a judgment for defendants, plaintiff appeals. Affirmed.

King & Jackson, of Beaumont, and A. H. Boyd, of Port Arthur, for appellant.

Dycus & Shivers, of Port Arthur, for appellees.

O'QUINN, J. Kinard brought this suit against Eubank and others to try title to a strip of land described as "the south thirty feet" of West Thomas boulevard, extending from block 35 to block 39, in what is known as the Port Arthur Heights addition to the city of Port Arthur, in Jefferson county, Tex., as shown by the plat of said addition, and being that portion of West Thomas boulevard not dedicated as a street, according to the deed of dedication accompanying the plat of record, executed by Eubank and Joe W. Allison on May 2, 1910. The case was tried before the court without a jury, and judgment rendered for appellees.

The Port Arthur Town Site Company, in February, 1910, conveyed to Joe W. Allison and G. H. Eubank a tract of land, a portion of which is the land in controversy. This land was platted by Allison and Eubank into what is known as the Port Arthur Heights addition to the city of Port Arthur, and the plat and a deed of dedication placed of record in the deed records of Jefferson county May 2, 1910. The plat of said addition showed the lots, blocks, streets, and alleys, and among the rest West Thomas boulevard on the extreme south of the plat near to the

Texarkana & Ft. Smith Railway Y tract. The deed of dedication accompanying the plat contained this clause:

"In this conveyance it is understood that the street known as West Thomas boulevard, shown on said map, is only dedicated to the width of thirty (30) feet, which said thirty feet lies on the north line of said street, and adjoins blocks thirty-six (36) and thirty-seven (37) and thirty-eight (38)."

The plat showed the streets to be 60 feet wide and the alleys 20 feet wide, and West Thomas boulevard showed on the plat to be 60 feet in width, but the dedication deed accompanying the plat of record specifically recited that said street or boulevard was dedicated only to the extent of the north half of the 30 feet of same. There was left adjoining the south 30 feet of said boulevard ·or street a strip about 17 feet wide next to the railroad track. This was shown on the plat in the shape of a long, narrow strip. From time to time lots were sold out of this addition. Allison died in May, 1917, and all of his undivided one-half interest in said property went to his wife by will. Later Mrs. Allison died, and the undivided one-half of said property owned by her went by her will to Mrs. Rebecca A. Humes. By power of attorney executed by Mrs. Humes on November 20, 1923, H. F. Banker represented the Allison interest in said property. On November 24, 1925, Banker conveyed the property in controversy to D. Kinard, plaintiff and appellant here. On February 4, 1918, Mrs. Allison, sole devisee and legatee under the will of her husband, Joe W. Allison, and G. H. Eubank, partitioned the partnership property between them by partition deeds duly executed and placed of record. The deeds, leaving out the formal parts, are as follows:

(1) Deed from G. H. Eubank to Mrs. Allison:

"Consideration.—$1.00 and other good and valuable consideration in hand paid by Mannie P. Allison, this deed, together with a deed of even date, given by grantee to the grantor, being given for the purpose of dividing property heretofore owned jointly.

"Grant, sell and convey all of my certain undivided one-half interest in and to those certain lots, tracts, or parcels of land, lying, and being situated in the county of Jefferson, state of Texas, platted, known, and described as follows, to wit: lot No. six (6), in block K; lots numbered eleven (11) and twelve (12), in block Y; lot No. six (6), in block S; lot numbered one (1), in block No. three (3); lot No. two (2), in block No. two (2); lot No. three (3) in block No. one (1); lot No. three (3), in block No. five (5); lot No. ten (10), in block No. eight (8); and lot No. seven (7), in block No. twenty (20), all in Port Arthur Heights, Port Arthur, Texas, as the same appear upon the map or plat of said Port Arthur Heights, on file and of record in the office of the county clerk of said Jefferson county, Texas, at Beaumont; also that certain strip of

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

land running north and south on the westerly side of Casey avenue, opposite blocks X and W; also that certain strip of land lying on the southerly side of West Fifteenth street, between Casey avenue and the public road, and opposite block No. forty-two (42); said strips' of land being unplatted lands, as shown on plat of Port Arthur Heights, on file and of record in the office of the county clerk of Jefferson county, Texas, at Beaumont; also lot four (4), block one (1), lot six (6), block P, and lot twelve (12), block M, Port Arthur Heights, Port Arthur, Texas, as the same appear upon the map or plat of said Port Arthur Heights, on file and of record in the office of the county clerk of said Jefferson county, Texas.

"[Signed]  G. H. Eubank."

(2) Deed from Mrs. Allison to Eubank:

"I, Mannie P. Allison, widow of, and sole devisee and legatee under the last will and testament of Jo W. Allison, deceased,

"Consideration—$1.00 and other good and valuable considerations to me paid by G. H. Eubank; this deed, together with a deed of even date, given by grantee herein to the grantor, being given for the purpose of dividing property heretofore owned jointly.

"Grant, sell and convey all of my certain undivided one-half interest in and to those certain lots, tracts, or parcels of land, lying and being situated in the county of Jefferson, state of Texas, platted, known and described as follows, to wit: Lots numbered five (5) and six (6), in block No. six (6); lots numbered seven (7) and eight (8) in block No. nineteen (19); lots numbered six (6) and seven (7) in block No. eighteen (18); lot No. ten (10), in block No. five (5); lot No. four (4), in block No. three (3); lots numbered three (3) and six (6) in block No. two (2); and lot No. eight (8) in block No. twenty (20); all in Port Arthur Heights, P. A., Texas, as the same appear upon the map or plat of said Port Arthur Heights, on file and of record in the office of the county clerk of said Jefferson county, Texas, at Beaumont; also that certain strip of land running parallel to and adjacent with, the alley in the rear of block No. thirty-five (35), said strip of land being approximately 20 feet wide by 640 feet long; also that certain strip of land running parallel with and adjacent to, the Texarkana & Fort Smith Railway Company Y between Holland avenue and said block No. thirty-five (35), said strips being unplatted lands shown on plat of Port Arthur Heights, on file and of record in the office of the county clerk of Jefferson county, Texas, at Beaumont; also lots numbered eleven (11), and twelve (12) in block V; lots numbered seven (7) and eight (8), in block E; lots numbered one (1) and two (2), in block number six (6); and lot number seven (7), in block P, in Port Arthur Heights, Port Arthur, Texas, as the same appear upon the map or plat of said Port Arthur Heights, on file and of record in the office of the county clerk of said Jefferson county, Texas, at Beaumont; also lot No. ten (10), in block No. fifteen (15) in Port Arthur Heights, Port Arthur, Texas, as the same appears upon the map or plat of said Port Arthur Heights, on file and of record in the office of the county clerk of said Jefferson county, Texas, at Beaumont; excepting 1918 taxes. Man-

nie P. Allison, Widow of, and Sole Devisee and Legatee Under the Last Will and Testament of, Jo W. Allison, Deceased."

It will be observed that both deeds recite that they were "being given for the purpose of dividing property heretofore owned jointly," and that the deed from Mrs. Allison to Eubank conveyed "also that certain strip of land running parallel with, and adjacent to, the Texarkana & Ft. Smith Railway Company Y between Holland avenue and said block No. thirty-five (35), said strips being unplatted lands shown on plat of Port Arthur Heights, on file and of record in the office of the county clerk of Jefferson county, Texas, at Beaumont."

The contention of Eubank is that this deed conveyed the property in controversy, while appellant contends that said land, "the south thirty feet of West Thomas boulevard," was not conveyed, but was left out of the division, as shown by the partition deeds. This is the only question in the case.

In the trial of the case appellees offered parol testimony as to the purpose and intention of the parties at the time they executed the partition deeds shown above. This was objected to by appellant on the ground that the deed from Mrs. Allison to Eubank was clear and unambiguous, and that said deed did not on its face convey the strip of land in controversy, and, therefore parol testimony to explain or vary its meaning was improper. This objection was overruled, and witnesses were permitted to testify that it was the intention to divide all of the partnership property owned by Allison and Eubank, and that, at the time of the making of the partition deeds, the strip of land in controversy was discussed, and that it was included in the deed to Eubank. This was clearly shown by the testimony of Eubank and Chandler. Chandler represented Eubank in the partition settlement, and H. F. Banker represented the Allison interests. That the portion of the street in question was mentioned or included in the partition was denied by Banker. Both partition deeds were drawn under the supervision of Banker.

[1-5] We think the statement in the partition deeds that they were being executed for the purpose of dividing property "heretofore owned jointly" (meaning property owned by Joe W. Allison and G. H. Eubank in Allison's lifetime), and the expression in the deed to Eubank from Mrs. Allison, referring to the two "strips" therein conveyed as "unplatted lands shown on the plat of Port Arthur Heights," which plat showed West Thomas boulevard to be 60 feet in width, but the restrictive clause in the dedication deed of same recited that said street was dedicated only to the extent of the north half or 30 feet thereof, thereby withdrawing the south half or 30 feet from the platted and dedicated portions, rendered said deed latently

ambiguous as to the description of the land conveyed, and therefore the action of the court in permitting parol testimony as to the intent of the parties in the execution of said partition deeds was proper. Smith v. Brown, 66 Tex. 543, 1 S. W. 573; Barclay v. Stuart, 4 Tex. Civ. App. 685, 23 S. W. 799; Kingston v. Pickens, 46 Tex. 101; Burleson v. Burleson, 28 Tex. 383; Smith v. Railway, 101 Tex. 409, 108 S. W. 819; 2 Devlin on Deeds, § 836, p. 1507; 18 C. J. p. 260, § 217; Id. p. 279, § 245. In such case the lawful intent of the parties to the written instrument is to be looked to and must govern. To discover that intent, the situation of the parties and subject-matter at the time of contracting should be considered. We think the evidence without dispute shows that the parties were endeavoring and intending to partition their joint property, and we cannot believe that they purposely omitted to include this little strip of 30 feet, the south half of the street, leaving it partnership property. When we look to the surrounding circumstances and consider the positive testimony of Eubank and Chandler, the intention of the parties to make a complete and all-inclusive partition of the jointly owned property is apparent, and that the land in controversy was included in the deed to Eubank.

The deed containing a latent ambiguity, it was a question of fact as to whether it conveyed the land in controversy. The court, after hearing evidence as to the situation of the parties, the subject-matter of the contract or deed, and as to the intention of the parties, found that the land was conveyed by the deed from Mrs. Allison to Eubank, and, the evidence supporting this finding, the judgment must be affirmed, and it is so ordered.

Affirmed.