**SUN OIL CO. v. SMITH et al.**

**No. 5142.**

Court of Civil Appeals of Texas. Texarkana.

Jan. 10, 1938.

Rehearing Denied Jan. 13, 1938.

J. W. Timmins and T. L. Foster, both of Dallas, and Angus G. Wynne, of Longview, for appellant.

W. B. Harrell and Russell Allen, both of Dallas, Florence & Florence, of Gilmer, and J. M. Deavenport, of Kilgore, for appellees.

JOHNSON, Chief Justice.

In 1896, W. M. Maddox and wife conveyed to R. D. Smith the following described tract of land in Gregg county: "A part of the D. Sanchez survey and beginning 30 varas west of the S. E. Corner of the M. Irvin survey; Thence S 1255 varas to a stake from which a red oak bears S 35° W 9 vrs. to a stake; Thence N 1255 vrs to a stake on the S. B. line of M. Irvin survey from which a black jack brs S 45 E 11 vrs a red oak brs N 51 E 7 vrs; Thence East with the S. B. line of said M. Irvin survey to the place of beginning, containing 100 acres of land, more or less."

Smith went into possession of the land and occupied it as his homestead. In erecting his fence around the land Smith extended the fence about twenty-five varas south and about thirty varas west farther than the field notes in his deed called for, thus including within his fence an L-shaped strip adjoining the 100-acre tract on the south and west. Smith acquired title to the L-shaped strip by limitation. The land inclosed by Smith's fence, that is, the 100 acres acquired by the deed from Mattox together with that acquired by limitation, will be referred to as the "Smith land." The Smith land was community property of R. D. Smith and his first wife, Emily Smith, who died leaving the following eight children: H. S. Smith, J. H. Smith, J. R. Smith, Lizzie Smith, who married G. S. Mattox, R. M. Smith, B. F. Smith, Vannie Smith, who married

W. L. Fuller, and Effie Smith, who married G. W. Willingham.

On October 12, 1916, R. D. Smith and his second wife, M. E. Smith, and all the children of the first wife except Effie Willingham, joined in a deed conveying to G. W. Willingham and wife, Effie, ten acres out of the northwest corner of the 100 acres acquired by Smith from Mattox. R. D. Smith and G. W. Willingham measured off the 10-acre tract. They began the measurement at the northwest corner of Smith's fence line, thus locating the ten acres on the ground in the northwest corner of the Smith land. Willingham fenced the ten acres as measured off.

On December 23, 1919, R. D. Smith and his second wife, M. E. Smith, and all the children of the first wife joined in a deed conveying to G. W. Willingham forty acres of the Smith land adjoining said 10-acre tract on the south. The west and south lines of the forty acres coincide with the west and south lines of Smith's fence. The 10-acre tract is wider than the 40-acre tract east and west, so the east line of the 10-acre tract is farther east than the east line of the 40-acre tract. Willingham fenced the 40-acre tract shortly after he purchased it. R. D. Smith died October 21, 1924, leaving the same heirs as his first wife.

On November 8, 1926, J. R. Smith and others (Smith heirs) joined in a deed conveying to T. J. Medlin the following described land:

"* * * All that certain tract or parcel of land situated in Gregg County, Texas, and being a portion of the Dolores Sanchez Headright and Beginning 30 varas West of the S. E. corner of the M. Irvin Survey; Thence S 1255 vrs to a stake from which a red oak brs S 35 W 9 vrs. a black jack brs. S 70 W 2 vrs; Thence W. 450 vrs to a stake; Thence N. 1255 vrs. to a stake on the S. B. line of the M. Irvin survey from which a black jack brs. S. 45 E 11 vrs. a red oak brs. N. 51 E 7 vrs; Thence E. with the S. B. line of said Irvin survey to the place of beginning, containing 100 acres of land, more or less.

"It is the intention herein to convey the East one-half of the above described tract."

On October 14, 1927, T. J. Medlin and wife executed a deed of conveyance to J. L. Reppond containing the same description of land as is contained in the deed from J. R. Smith et al. to T. J. Medlin.

On May 23, 1930, J. L. Reppond and wife executed an oil and gas lease to Sun Oil Company containing the same description of land as contained in the deed from J. R. Smith et al. to T. J. Medlin.

It will be observed that immediately following the metes and bounds description contained in the deed from J. R. Smith et al. to T. J. Medlin is the following language: "It is the intention herein to convey the East one-half of the above described tract." The east one-half of the tract of land described by metes and bounds in said deed when surveyed left remaining of the Smith land an L-shaped strip containing 8.97 acres adjoining and lying west and south of said east one-half of the land described by metes and bounds in said deed.

The Sun Oil Company filed this suit against the Smith heirs; and against W. L. Fuller, G. W. Willingham, and C. E. Florence, purchasers of an interest in the Smith estate; and against the heirs of T. J. Medlin and wife, Alma Rains Medlin, both deceased; and against J. L. Reppond, in trespass to try title to said 8.97-acre, L-shaped strip last above mentioned.

The case was submitted to a jury upon four special issues. The jury returned their verdict answering three of the special issues against plaintiff and in favor of defendants. The fourth special issue was not answered by the jury. Motion of defendants for judgment in their favor was sustained and judgment entered accordingly. Plaintiff has appealed.

Appellant asserts in its brief that it is seeking only to have the deed from J. R. Smith et al. to T. J. Medlin construed, and that a proper construction of that deed will give it the effect of conveying not merely the exact mathematical east one-half of the land described by metes and bounds in the deed, but all the Smith land lying east of the east fence lines of Willingham's 10-acre and 40-acre tracts. It is appellant's contention, in substance, that since it appears that at the time the Medlin deed was executed R. D. Smith and his children had previously conveyed to Willingham 10 acres and 40 acres off the west side which had been fenced by Willingham and that Willingham's east fence lines divided the Smith lands into two approximately equal east and west halves; the language used in the Medlin deed, reading, "It is the intention herein to convey the East one-half of the above described

tract," should therefore not be accepted in its literal meaning, but should be construed as intending to convey the east one-half of the Smith land as divided by Willingham's east fence lines. In support of its contention appellant cites the following authorities: Hatcher v. Stipe, Tex.Civ.App., 45 S.W. 329; Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930; Gunn v. Brower, 81 Kan. 242, 105 Pa. 702; Grandy v. Casey, 93 Mo. 595, 6 S.W. 376; People v. Hall, 43 Misc. 117, 88 N.Y.S. 276; Jones v. Pashby, 48 Mich. 634, 12 N.W. 884; Schmitz v. Schmitz, 19 Wis. 207, 88 Am.Dec. 681; Turner v. Union Pac. Ry. Co., 112 Mo. 542, 20 S.W. 673.

We do not sustain appellant's contention. Where a certain section or tract of land has for that purpose been divided into designated subdivisions of halves, quarters, etc., a subsequent deed describing the land intended to be conveyed as the "East one-half" of such section or tract of land will convey the area contained in such designated subdivision regardless of whether it is more or less than its corresponding "West one-half" subdivision. But the survey of the 10-acre tract and the subsequent survey of the 40-acre tract out of the Smith land were made for the purpose only of conveying same to Willingham, and not for the purpose of subdividing the Smith land into designated subdivisions of "East one-half" and "West one-half." And the language used in the Medlin deed when read from the four corners of the instrument is plain and unambiguous. In no uncertain terms it clearly expresses the single intention of conveying the east one-half of th particular tract of land definitely described by metes and bounds in the deed. No ambiguity is made to appear in locating and identifying on the ground the land intended to be conveyed. We do not think that such circumstances would authorize the court by any process of judicial construction to effect a conveyance of any land other than that which the parties plainly stated in the deed that they intended to convey. In Vogel v. Allen, 118 Tex. 196, 13 S.W.2d 340, 342, it is said: "The object in construing a deed is to ascertain the intention of the parties. This intention must be arrived at from the words which have been employed in connection with the subject-matter. If the expressed meaning on the face of the instrument is plain, it will control. It is only when the language used renders the intention uncertain that resort may be had to rules of construction." See 14 Tex.Jur. 1027, § 234.

Appellant further contends that special issue No. 4 was material in aid of construing the Medlin deed, and that the trial court erred in rendering judgment notwithstanding the jury's failure to answer it. The issue reads: "Has the jury shown, by a preponderance of the evidence, that the grantors in the Smith deed to Medlin, dated November 8, 1926, by the language 'the east one-half of the above described land' meant the land lying between the Willingham fence, as established on the ground at the time, and the east fence of the R. E. Smith homestead, as established on the ground at the date of the deed?"

We do not think the action of the trial court complained of was error, for two reasons: First, if the Medlin deed had been ambiguous and for that reason permitted the introduction of extrinsic evidence to show the intention of the parties, we do not think the evidence introduced tends to show that the grantors used the words "the East one-half of the above-described land" otherwise than in their plain, literal meaning; second, as before stated, there is no ambiguity in the Medlin deed. By use of simple words with but one meaning, the parties to that deed plainly pointed out and identified the particular land which they declared it was their intention to convey. Therefore, in the matter of construing the deed a different intention from that expressed in the instrument may not be shown by extrinsic evidence. Davis v. George, 104 Tex. 106, 134 S.W. 326; Vogel v. Allen, supra; Scheller v. Groesbeck, Tex.Com.App., 231 S.W. 1092; Graham's Estate v. Stewart, Tex.Civ.App., 15 S.W.2d 72; Wadsworth v. Vinyard, Tex.Civ.App., 131 S.W. 1171; 14 Tex.Jur.(Deeds) Secs. 206, 234.

The judgment is affirmed.