Willie B. ATCHISON et al., Appellants,

v.

Ada BACON et al., Appellees.

No. 10234.

Court of Civil Appeals of Texas.

Austin.

Oct. 13, 1954.

Rehearing Denied Nov. 3, 1954.

144

Cecil C. Rotsch, Austin, for appellant Willie B. Atchison.

Joe B. Fleming, Arthur Mitchell, Austin, for appellant Joseph Atchison.

Cofer & Cofer, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the trial court in a trespass to try title suit ·instituted by Lula Atchison, a former wife of Charlie Atchison, deceased, and from whom she had been divorced, against another divorced wife of Charlie Atchison, Ada Bacon, Joseph Atchison, a nephew of Charlie Atchison, Willie B. Atchison, a sister of Charlie Atchison, and Maurice Joyner, to recover the title to a part of Lot No. 5, in Outlot No. 61, in Division "B", City of Austin, Travis County, Texas (fully described in the pleadings and in the judgment).

The plaintiff alleged her marriage to Charlie Atchison, the purchase of the prop-

erty and a subsequent divorce on April 6, 1928, in which no settlement of community property was had, and the death of Charlie Atchison on December 31, 1951, and sought to recover ½ interest in the property.

Ada Bacon, who had been married to Charlie Atchison on January 22, 1929 and secured a divorce on January 5, 1934, answered and claimed the West ½ of the property by virtue of a property settlement in the divorce proceedings.

Willie B. Atchison and Joseph Atchison claimed the property as the legal heirs of Charlie Atchison. Answer was filed by Joyner but made no appearance and took no appeal.

Ada Bacon's claim to ½ of the property is founded on the judgment in the divorce case which has this finding:

"It Further Appearing to the Court that the plaintiff and defendant herein have entered into an agreement as to the division of the community property belonging to said community estate, and that the defendant, by said agreement, it to deed to the plaintiff the West one-half of the lot upon which the homestead is situated in full of plaintiff's interest in said community estate, and it being the opinion of the Court that said agreement should be sustained;

"It Is Therefore Ordered By the Court that said agreement, as to the division of the community property belonging to the estate of said plaintiff and defendant be sustained, and that the said defendant deed to the plaintiff the West ½ of the lot upon which is situated the homestead of the said plaintiff and defendant, free of any and all claims by the said defendant to any interest therein."

In the divorce petition filed by Ada the prayer contained a phrase " * * * and for partition of the community property * * *"

The court denied Lula Atchison any recovery and awarded the West ½ of the property to Ada Bacon and the East ½ to Willie B. Atchison and Joseph Atchison, and ordered certain funds divided in like manner, from which Lula did not appeal.

Willie B. Atchison and Joseph Atchison filed separate answers and have filed separate briefs, except on a short joint reply.

The appeal is before this Court on seven points, and are to the effect that the judgment in the Ada Atchison v. Charlie Atchison case awarding the West ½ of the property to Ada was void, because there were no pleadings to support such conveyance; that the description of the property in the judgment is insufficient for a conveyance; that the judgment did not purport to apply to the separate property of Charlie Atchison; that the property was the separate property of Charlie Atchison and the court had no power to divest title; that the purported property settlement agreement was not in writing and filed with the record; that appellee's claim based on the 1934 judgment was barred by limitation; and that the court erred in not awarding all of the funds in escrow to the appellants.

The controlling question to be determined in this appeal is the sufficiency of the judgment awarding the West ½ of the lot to Ada Bacon. We have set out that portion of the judgment awarding the ½ interest to Ada Bacon.

The appellee contends that the judgment awarding title to Ada Bacon vested title in her and that the points as to the sufficiency of the judgment constitute a collateral attack upon the judgment in the divorce suit.

We believe that appellants are bound by the judgment in the divorce suit between Ada (Atchison) Bacon and Charlie Atchison and the judgment cannot be attacked collaterally.

The court recited that there was an agreement, and there is no showing that such an agreement was not in writing,

or made in open court and we believe meets Rule 11, Texas Rules of Civil Procedure. There is no prohibition against one, in open court, agreeing to a conveyance of an interest in community property or even separate property in settlement of property rights in a divorce proceeding.

The pleadings prayed for a partition of community property and for such other relief as the court shall deem proper to grant, and are sufficient to support the court's judgment based on evidence.

The property constituting the homestead of Charlie Atchison and Ada Atchison (Bacon) was the only property owned by Charlie Atchison when he lived with Ada, and there is evidence to show that Ada was claiming the West ½ of the property and that Charlie recognized her interest.

In Cook v. Cook, Tex.Civ.App., 233 S. W.2d 163, error ref., the Court found that the pleadings constituted a collateral attack on the prior judgment in which the wife was awarded 204 acres of land as her separate property, which had been deeded to the wife and husband. The husband in the latter case contended that because the property was community that he could not be divested of his title.

■ The court, in the 1934 divorce case, on the agreement of the parties, entered its judgment for divorce and approved the agreement and decreed that the defendant deed to plaintiff the West ½ of the lot and was authorized to enter the judgment. Article 4638, V.A.C.S.; Bagby v. Bagby, 186 S.W.2d 702, no writ history.

The statute, 4638, provides that either party may not be compelled to divest himself or herself of the title to real property. In this case the judgment was founded on an agreement between the parties, and embodied in the judgment.

There is testimony as to the payment of debts against the property and as to improvements made during the five years Ada and Charlie were married, and further testimony was given as to what Charlie said concerning Ada's interest in the property being the West ½. If Charlie had been dissatisfied with the judgment awarding Ada the West ½, he could have appealed, but having failed to do so he was bound by all of the provisions of the judgment. The heirs of Charlie cannot now attack the validity of the judgment in the divorce case in 1934. 49 C.J.S., Judgments, § 308, p. 560; Thompson v. Thompson, Tex.Civ. App., 238 S.W.2d 218, error dism.; W. E. Pope v. J. D. Powers, 132 Tex. 80, 120 S.W. 2d 432.

■ We believe that the description of the property as the West ½ of the homestead awarded to Ada was adequate to convey title to her. There is no dispute or question that the property involved in the instant suit was not the same property which was the homestead of Charlie and Ada during their marriage and at the time of the divorce.

■ The rule is that such a description, by reason of the use of the words such as "my property," or "owned by me" is sufficient when it is shown by extrinsic evidence that the party to be charged, owns the tract and only one tract answering the description in the memorandum. Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222; 14 Tex.Jur., Sec. 223, p. 1015.

■ We do not believe that Charlie Atchison, subsequent to the divorce suit with Ada, established title to the West ½ of Lot No. 5, the homestead property by limitation.

■ There is testimony to constitute sufficient evidence to support the finding of the court that Charlie did not claim title to the West ½ of the property after the divorce as against his former wife, Ada. The question of whether or not Charlie perfected a title by limitation is one of fact and the burden was on the appellants, heirs of Charlie, and the court resolved this fact issue against appellants and such findings are supported by the testimony. Foster v. Buchele, Tex.Civ.App., 213 S.W. 2d 738.

The judgment of the trial court is affirmed.