Tommie DAVIS et ux., Appellants,

v.

Louis GALE, Appellee.

No. 10625.

Court of Civil Appeals of Texas.

Austin.

Dec. 3, 1958.

Rehearing Denied Jan. 7, 1959.

John T. Buckley, Cleveland, for appellants.

Malcolm Cohn, Cleveland, for appellee.

ARCHER, Chief Justice.

This is a trespass to try title suit instituted by the appellants against the appellee for the title and possession of Tract B-4, consisting of 3 acres in the Chas. Holt Addition to the City of Cleveland, Liberty County, Texas, together with the cancellation of a trustee's deed dated October 4, 1955 as a cloud on their title. The property was conveyed to appellants by Chas. Holt on September 27, 1948.

On December 4, 1953, appellants executed and delivered to B. B. Yeager, Trustee, a deed of trust on "Tract B(4) acres of Port Addition to the City of Cleveland, Liberty County, Texas" to secure the payment of a note for $1,031.37 to Gale Builders Supply Company, and is recorded in Volume O, Page 144 of the Mechanic's and Materialmen's Lien Records of Liberty County, Texas.

At the time of the execution of the deed of trust, the appellants were the owners of Tract B-4 consisting of 3 acres in the Chas. Holt Addition to the City of Cleveland, Liberty County, Texas.

A substitute trustee advertised the property for sale as "Tract B-4, consisting of 3 acres in the Chas. Holt Addition to the City of Cleveland, Liberty County, Texas" and sold the same on October 4, 1955, to Louis Gale for the purpose of satisfying the claimed debt, and this suit was filed.

The case was heard before the court without a jury and judgment was rendered for appellee.

The appeal is before this Court on two points of error:

"Point No. 1: In rendering judgment for appellee for the title and possession of Tract B-4, consisting of 3 acres of the Chas. Holt Addition to the City of Cleveland, when the Deed of Trust was for: 'Tract B, 4 acres of the Port Addition to the City of Cleveland;'

"Point No. 2: The failure of the court to enter judgment for appellants after they had introduced in evidence their record title from the common source and the defendant failed to introduce 'any' title under the common source."

The actual question in issue is the sufficiency of the description in the deed of trust to support the trustee's sale and subsequent deed. We have set out the description as used in the deed of trust and the description of the land acquired by appellants hereinabove.

The descriptions are different but the appellee takes the position that since the appellants had lived continuously on "Tract B-4, containing 3 acres of the Holt Addition," etc. and had never lived on any other land, that even though the description is uncertain and ambiguous, if the land intended to be conveyed can be identified by the aid of extrinsic testimony, the deed is not void and especially where the possession by the several parties of a defi-

nite tract is shown, citing Battle v. Wolfe, Tex.Civ.App., 283 S.W. 1073.

The appellants testified that they have had their home on Tract B–4, containing 3 acres of the Holt Addition, etc., and that certain improvements were placed upon their home by appellee, and that the deed of trust and the M & M Lien was given to secure payment of indebtedness therefor. The property in the instrument was described as Tract B(4) acres of the Port Addition, etc.

It may be inferred from the testimony that the appellants intended to give a lien on the property now sued for.

In Kinard v. Eubank, Tex.Civ.App., 292 S.W. 633, 636, it was said:

"In such case the lawful intent of the parties to the written instrument is to be looked to and must govern. To discover that intent, the situation of the parties and subject-matter at the time of contracting should be considered."

A description which uses the words "my property," or "owned by me" has been held to be sufficient where there is shown by extrinsic evidence that the party charged owns the tract, and only one tract, answers the description following the descriptive words in the instrument "the following described tract, belonging to owners." The purpose of construing deeds is to ascertain the intention of the parties and wide latitude is permitted.

Atchison v. Bacon, Tex.Civ.App., 272 S. W.2d 143, er. ref., N.R.E.; Sun Oil Co. v. Smith, Tex.Civ.App., 113 S.W.2d 683, er. dism.; Holman v. Houston Oil Co., Tex.Civ.App., 174 S.W. 886, er. ref.

In Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508, it was held that even if the judgment of foreclosure were void for want of proper description arising through mistake, a reformation would be proper.

The Trial Court, after hearing the testimony of appellants, held since the appellants only had the one home and that the deed of trust was to secure a valid lien, that description was sufficient to transfer title to appellee of the subject property.

Ydrogo v. Haltom, Tex.Civ.App., 302 S.W.2d 670.

Appellants take the position that description in the deed of trust is not sufficient alone, or by reference to any other instrument, or by any words as would permit the use of extrinsic evidence, and that the description cannot be reconciled, and cites a number of cases such as Texas Osage Co-Operative Royalty Pool v. Colwell, Tex. Civ.App., 205 S.W.2d 93, er. ref., N.R.E. This case involved the sale of minerals in the rights not owned by the grantors and the court held that there was no latent ambiguity in the deed as would admit extrinsic evidence.

In the instant case, the parties all knew what property was to be improved and to be included in the instrument, and what property was actually improved. The owners were living on the premises and we believe the several cases we have hereinbefore cited to be controlling.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.